**\* \* § 362 INFORMATION SHEET \* \***

VANDA T. HO-CHING       16-51329-btb
DEBTOR                  Case No.                              Motion #:

BSI Financial Services            13
MOVANT                            CHAPTER

*Certification of Attempt to Resolve the Matter Without Court Action:*
*Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.*

Date: February 9, 2018        Signature /s/Nathan F. Smith
                              Attorney for Movant

PROPERTY INVOLVED IN THIS MOTION: 2740 Dahlia Way, Reno, NV 89512

NOTICE SERVED ON: Debtor(s) _X_ ; Debtor's Counsel _X_ ; Trustee _X_ ;

DATE OF SERVICE: February 14, 2018

| MOVING PARTY'S CONTENTIONS: The EXTENT and PRIORITY of LIENS: | DEBTOR'S CONTENTIONS: The EXTENT and PRIORITY of LIENS: |
|---|---|
| 1st  $ 146,391.48 | 1st $ |
| 2nd $ | 2nd $ |
| 3rd  $ | 3rd $ |
| 4th  $ | 4th $ |
| Other: Cost of Sale $10,640.00 | Other: $ |
| Total Encumbrances: $ 157,031.48 | Total Encumbrances: $ |
| APPRAISAL of OPINION as to VALUE: $133,000.00 per Debtor`s Schedules | APPRAISAL of OPINION as to VALUE: |
| TERMS of MOVANT'S CONTRACT with the DEBTOR(S): | DEBTOR'S OFFER of "ADEQUATE" PROTECTION" for MOVANT |
| Amount of Note: $82,357.00 | . |
| Interest Rate: 3.000% | . |
| Duration:  30 years | . |
| Payment per Month: $720.07 | . |
| Date of Default:  September  1, 2017 | . |
| Amount in Arrears:  $4,320.42 | . |
| Date of Notice of Default: N.A. | . |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES: |
| SUBMITTED BY: Nathan F. Smith SIGNATURE: /s/ Nathan F. Smith | SUBMITTED BY: SIGNATURE: |

Nathan Smith, Nevada Bar No.12642
MALCOLM ♦ CISNEROS, A Law Corporation
608 South 8th Street
Las Vegas, NV 89101
Phone: (949) 252-9400
Facsimile: (702) 382-0925
nathan@mclaw.org

E-FILED FEBRUARY 14, 2018

Attorneys for BSI Financial Services

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re | Chapter 13 |
|---|---|
| VANDA T. HO-CHING | Case No. 16-51329-btb |
| Debtor, | Hearing Date: April 11, 2018<br>Hearing Time: 10:00 am |
| | Location: C. Clifton Young Federal Building<br>Courtroom No. 2 |

### MOTION FOR RELIEF FROM AUTOMATIC STAY

Movant, BSI Financial Services, and its successors and/or assigns ("Movant"), by and through Nathan F. Smith of MALCOLM ♦ CISNEROS, A Law Corporation, hereby moves this Court, pursuant to § 362(d)(1), for an Order Terminating the Automatic Stay as it pertains to certain real property located in Washoe County, NV.

This Motion is based upon the attached Memorandum of Points and Authorities the §362 Information Sheet, filed concurrently herewith, and the documents filed in support of the Motion.

Dated: February 14, 2018         Respectfully Submitted,

MALCOLM ♦ CISNEROS, A Law Corporation

*/s/ Nathan F. Smith*

Nathan F. Smith
Nevada Bar No. #12642
Attorney for Movant

JD/B46784                                     1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTORY STATEMENT

Movant, BSI Financial Services respectfully requests that the Court grant it relief from the automatic stay because the Debtor has failed to tender regular monthly mortgage payments to Movant.

## II.

## STATEMENTS OF FACTS

1. **The Secured Debt.** The Debtor is the borrower under a promissory note ("Note") secured by deed of trust ("Deed") on the real property commonly known as 2740 Dahlia Way, Reno, NV 89512 (the "Property"). True and correct copies of the Note and Deed are attached hereto as Exhibits "1" and "2." The Debtor acknowledges the secured debt in Debtors' Schedules. True and correct copies of the Debtor's Schedules "A" and "D" are attached hereto as Exhibit "3".

2. **The Default Under The Note.** Movant's Note and Deed are post-petition due for the September 1, 2017 payment. As a result of the default, Movant desires to record a Notice of Default and Election To Sell against the Property. The total delinquency under the Note is set forth in detail in Exhibit "4" to the Motion.

3. **The Debtor`s Interest In The Property.** The Debtor is the owner of record of the Property.

4. **The Filing Of The Instant Petition.** On or about October 27, 2016, Vanda T. Ho-Ching filed the instant Chapter 13 Petition as Case Number 16-51329-btb.

5. **The Post-Petition Delinquency.** The Debtor has failed to make post-petition payments that have come due. The post-petition default through the February 2018 payment is exclusive of fees and costs, is set forth below and subject to change.

| | | |
|---|---|---|
| 6 | Payments due at $720.07 | $4,320.42 |
| | **Post-Petition Suspense:** | ($0.00) |
| | **Total:** | **$4,320.42** |

JD/B46784

2

A true and correct copy of a post-petition ledger reflecting all payments coming due and all payments received since the filing of the petition is attached hereto as Exhibit "5". Attorney`s fees and costs plus other miscellaneous costs, if any, may be added to this figure.

6. **The Total Indebtedness Under The Note.** The total indebtedness owed to Movant, under the Note, exclusive of attorney fees, other miscellaneous costs, and interest that continues to accrue, is as follows:

| | | |
|---|---|---|
| Principal Balance | | $131,150.46 |
| Interest | 02/25/2018 | $7,475.66 |
| Escrow Advance | | $6,217.34 |
| Recoverable Balance | | $1,902.01 |
| Suspense Balance | | $-353.99 |
| Grand Total | | $146,391.48 |

7. **The Value Of The Property.** The amount owing and recorded against the Property (excluding costs of sale) is $146,391.48. By the Debtor's own admission, the Property has a fair market value of only $133,000.00. Accordingly, there is no equity in Property for the benefit of the Debtor or the estate. True and correct copies of the Debtor's Schedules A and D are attached hereto as Exhibit "3".

### III.
### THE AUTOMATIC STAY SHOULD BE TERMINATED
### BASED ON THE DEBTORS' FAILURE TO MAKE
### POST-PETITION PAYMENTS

Ninth Circuit case law clearly sets forth the duty of a Chapter 13 Debtor to maintain post-petition contractual installment payments to secured lenders as a condition for eligibility for Chapter 13 relief.

In *In re Gavia*, 24 B.R. 573 (9th Cir. BAP 1982), the Bankruptcy Appellate Panel held that Debtors who lack sufficient regular income to enable them to maintain current contractual installment payments as well as payments under a Chapter 13 Plan are ineligible for Chapter 13 relief.

///

JD/B46784

3

In *In re Ellis*, 60 B.R. 432 ( 9th Cir. BAP 1986), the Bankruptcy Appellate Panel held that post-confirmation defaults on payments to secured lenders constitutes cause for terminating the automatic stay under § 362(d)(1), and that it is the Debtor's burden to show that no cause exists.

As set forth in the Motion herein, the stay should be terminated immediately based on the Debtors' failure to make the regular monthly post-petition payments in the instant case.

## IV.

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence, ("FRE") 201 in proceedings under Title by Rule Federal Rules of Bankruptcy Procedure ("FRBP") 9017, Movant respectfully requests that the Court take judicial notice of the following facts:

1. The Debtor contends that the Property has a fair market value of $133,000.00. See Exhibit "3."

## V.

## CONCLUSION

Based upon the foregoing Movant respectfully requests that this Court grant it relief from stay pursuant set forth in § 362(d)(1)  including a waiver of the 14-day stay to Federal Rule of Bankruptcy Procedure 4001 (a)(3).  A Proposed Order is attached hereto as Exhibit "6."

Dated: February 14, 2018        Respectfully Submitted,

MALCOLM ♦ CISNEROS, A Law Corporation

/s/ Nathan F. Smith
_____
Nathan F. Smith
Nevada Bar No. #12642
Attorneys for Movant

JD/B46784                                                    4